## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| **LOGAN WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 4:24-cv-04027** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SLB OF IOWA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Logan Woods ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against SLB of Iowa, LLC, ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3.    Venue of this action properly lies in the Central District of Illinois, Rock Island Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Logan Woods, resides in Rock Island County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, SLB of Iowa, LLC, is a corporation doing business in and for Rock Island County whose address is 4044 38th Avenue Moline, IL, 61265.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11.     Plaintiff was hired by Defendant as an Assistant Manager on or around September 2, 2022 until he was unlawfully terminated on or about September 3, 2023.

12.    Plaintiff suffers from mental disabilities, bipolar disorder and depression, which limits his mood regulation abilities, can cause severe intermittent flare ups that induce stress, anxiety, low self-esteem, loss of interest in most or all normal activities and exacerbates his bipolar disorder and depression. His disabilities limits major life activities such as eating, sleeping, and social interactions.

13.    Plaintiff is a qualified individual as defined under the ADA.

14.    Regardless of Plaintiff's disabilities, he was still qualified to perform the essential functions of his job duties with or without reasonable accommodations.

15.    The essential functions of Plaintiff's job included but were not limited to: managing Defendant's bakery-café restaurant; supervising employees and; upholding the facility's policies.

16.    Plaintiff met or exceeded Defendant's performance expectations through his employment.

17.    Plaintiff was subjected to different terms and conditions of employment than other similarly-situated individuals outside of Plaintiff's protected class (non-disabled individuals).

18.    Plaintiff disclosed his disability to Defendant in January 2023.

19.    On or about September 3, 2023, Plaintiff experienced a severe flare-up directly related to his disabilities, engaged in a protected activity and notified the Defendant.

20.    Plaintiff provided the Defendant with a written request for reasonable accommodations on the basis of his disabilities.

21.    Plaintiff reasonably requested the ability to take intermittent leave to attend to medical appointments to address symptoms caused by his disabilities.

22.     On the same day, and in retaliation for requesting a reasonable accommodation, Defendant unlawfully terminated Plaintiff's employment.

23.     Ultimately Plaintiff was terminated on the basis of Plaintiff's disabilities and for engaging in protected activity by requesting reasonable accommodations.

24.     The purported justification for termination was unlawful discrimination based on Plaintiff's disabilities and/or because Defendant perceived Plaintiff as disabled.

25.     Furthermore, Defendant failed to engage in the interactive process to determine reasonable accommodations as required by the ADA and failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for accommodations.

### COUNT I
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

26.     Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

27.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

28.     Plaintiff met or exceeded performance expectations.

29.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

30.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

31.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

32.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's

disability.

33.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

34.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT II
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

35.     Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

36.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

37.     Plaintiff is a qualified individual with a disability.

38.     Defendant was aware of the disability and the need for accommodations.

39.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

40.     Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

41.     Defendant did not accommodate Plaintiff's disability.

42.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

43.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

44.     As a direct and proximate result of the failure to accommodate described above,

Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

45.    Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

46.    Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

47.    During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations.

48.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

49.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reasonable request thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

50.    Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

51.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

6

    a.       Back pay with interest;

    b.       Payment of interest on all back pay recoverable;

    c.       Front pay;

    d.       Loss of benefits;

    e.       Compensatory and punitive damages;

    f.       Reasonable attorneys' fees and costs;

    g.       Award pre-judgment interest if applicable; and

    h.       Award Plaintiff any and all other such relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 31st day of January, 2024.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*